G-eigeb, J.
Plaintiffs as administrators, ask that the court give its direction and judgment in regard to the true construction of certain items of the will of their decedent, James J. Wood, Sr.
The testator bequeathed his property to his wife during her lifetime, and provided that after her death the same shall be divided among his children, and if any of the children die without issue or heirs, their shares shall revert to the surviving heirs of the testator to be divided equally among them.
The question to be determined is the nature and character of the estate to be taken by the testator’s children under the will. If the bequests had been made without the intervention of a life estate, each child would take an estate in fee simple subject to be determined by the contingency of dying without issue, or heirs at the time of his death, on the happening of which the estate of such child so dying would pass over to the surviving heirs of the testator by way of executory devise, unless the contrary intention is plainly expressed in the will. Parrish v. Ferris, 6 O. S., 563; Niles v. Gray, 12 O. S., 320; Taylor v. Foster, 17 O. S., 166; Piatt v. Sinton, 37 O. S., 353; Durfee v. McNiel, 58 O. S., 238.
The question is whether or not the intervention of the life estate of the testator’s widow changes the rule laid down in these cases, and fixes the time of survivorship as of the time of distribution after the termination of the life estate.
It will be noted that in all the cases above cited, none is found where the devises are made subject to a life estate. In each case the condition of the will is that if the primary devisee shall die without issue then the estate shall pass over as provided by the . will.
In the case at bar the estate is not to be divided among the children until after the termination of the life estate of their mother.
*304 In the construction of wills, words of survivorship should be referred to the period appointed by the will for the payment or distribution of the subject matter of the gift, unless the contrary intention is evidenced by the language of the will. Sinton v. Boyd, 19 O. S., 30.
An interesting case is that of Miller v. Miller, 10 O. N. P. (N. S.), 630, affirmed by the Supreme Court without report, 88 O. S., 563.
See also: Pendleton v. Bowler, 11 O. Dec. (Reprint), 551; 27 W. L. B., 313, affirmed without report, 54 O. S., 654.
Without going into detail the court is of the opinion that the provision of Item 10, that if any of the testator’s children die without issue, their share shall revert to the- surviving heirs, refers to the death of such child prior to the death of the life tenant, and the distribution of the estate. Therefore, as the children have survived their mother, the estate became absolute in each of such children upon the termination of the life estate of the mother.